777 P.2d 234

**The STATE of Arizona, Appellee,**

v.

**Henry Perez CORRALES, Appellant.**

**No. 2 CA–CR 88–0372.**

Court of Appeals of Arizona,
Division 2, Department A.

Aug. 10, 1989.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Jack Roberts, Phoenix, for appellee.

Harriette P. Levitt, Tucson, for appellant.

## OPINION

HOWARD, Judge.

After a jury trial appellant was found guilty of driving under the influence of intoxicating liquor without a license, committing a second offense of driving under the influence while never having reapplied for an Arizona license after suspension, and committing a second offense while never having applied for or obtained an Arizona license within five years preceding. All offenses are class 5 felonies in violation of A.R.S. §§ 28–692(A), 28–692.01 and 28–692.02. Appellant was sentenced to six months' imprisonment at the Arizona Department of Corrections and three years' probation.

The facts in the light most favorable to sustaining the verdict are as follows. The police stopped appellant on the evening of July 31, 1987, because his car was swerving and he was only driving 15 miles per hour. The police administered several field tests which appellant could not complete. He was arrested and read his *Miranda* rights. Appellant did not request an attorney and answered some of the questions he was asked. Appellant was then brought to the police station, where he refused to take the intoxilyzer test.

At trial, the state introduced evidence that appellant's license had expired in September 1981 and that it had been suspended for 90 days following a DUI conviction in October 1986. Additionally, appellant testified that he knew his license was suspended.

On appeal, appellant contends he was denied his right to a speedy trial and that the trial court committed reversible error by denying his motion for mistrial and his motion for directed verdict. We find no error and affirm.

■ Appellant was arrested July 31, 1987, indicted on November 12, 1987, and brought to trial on June 14, 1988. Appellant claims that a total of 193 days of unexcludable time elapsed and therefore his right to a speedy trial was violated. The denial of a right to a speedy trial cannot be raised for the first time on appeal. *State v. Guerrero*, 159 Ariz. 568, 769 P.2d 1014 (1989). Since appellant did not raise this issue below, he has waived his right.

■ Appellant next contends that a mistrial should have been granted because the state impermissibly commented on his right to remain silent. The state may not comment on an accused's right to remain silent, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), however the accused may not selectively invoke the privilege. *Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987). Appellant did not remain silent but chose to answer select questions. The comment by the state's witness that appellant refused to answer some questions was not impermissible.

Appellant's final argument is that the court committed reversible error by denying his motion for a directed verdict. He contends that although he knew his license was suspended he did not know he had to reapply for a new license. The state must prove that the person charged knew his license was suspended. A.R.S. § 28–692.02; *State v. Williams,* 144 Ariz. 487, 698 P.2d 732 (1985). Not only did the state present evidence that appellant knew his license was suspended, appellant testified he knew that it was suspended. The state is not required to prove that appellant knew he needed to reapply for a new one, but only that he knew his was suspended.

Affirmed.

LIVERMORE, P.J., and HATHAWAY, J., concur.